# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 9:17-CV-81032-ROSENBERG

TAYLOR CLARKE,

    Plaintiff,

v.

WEST PALM NISSAN, LLC,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's Motion to Dismiss [DE 18]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

### I.    FACTUAL ALLEGATIONS

Plaintiff attempted to purchase a vehicle from Defendant. DE 1 at 7. In connection therewith, Plaintiff executed various agreements. *See generally* DE 1; DE 18. Plaintiff agreed to grant Defendant a "seller's right to cancel." DE 1 at 2. That right permitted Defendant the opportunity to locate financing (at terms acceptable to Plaintiff) after Plaintiff took possession of the vehicle. *Id;* DE 18. If Defendant was unable to locate auto financing for Plaintiff, Defendant's right to cancel allowed Defendant the opportunity to cancel the sale of the vehicle and retake possession of the vehicle, provided that Defendant returned all consideration it previously received from Plaintiff back to Plaintiff. *Id.* Defendant was unable to locate auto financing for Plaintiff. DE 1 at 9. Defendant invoked its right to cancel the sale. *Id.* This lawsuit followed.

## II.     STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff; however, a plaintiff is still obligated to provide grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563 (2007). Unwarranted deductions of fact in a complaint cannot be admitted as true for the purposes of testing the sufficiency of the allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). The facts as pled must state a claim for relief that is plausible on the face of the pleading. *Iqbal*, 556 U.S. at 678-69.

## III.     ANALYSIS

Plaintiff invokes the federal question jurisdiction of this Court by bringing three federal claims: Violation of the Truth in Lending Act (Count I), Violation of the Motor Vehicle Information and Cost Savings Act (Count V), and a count styled as a "Constitutional Challenge" alleging that certain Florida statutes violate the federal Truth in Lending Act (Count VIII). Each count is addressed in turn.

### The Truth in Lending Act, Count I

As best as the Court can discern, Plaintiff has alleged two different grounds for her Truth in Lending Act claim. The first is that Defendant's unilateral right to cancel the sale of a vehicle violates TILA. The second is that Defendant did not disclose to Plaintiff that it—the Defendant—was a creditor.

Defendant's Right to Cancel the Sale. Defendant's right to cancel appears in the sales contract, which is attached as an exhibit to Plaintiff's Complaint. DE 1-1 at 4. Plaintiff admits in her Complaint that the right to cancel clause existed in the agreements she signed[1] and that Defendant invoked that clause after she took possession of one of Defendant's vehicles. DE 1 at 1-4. Plaintiff argues that Defendant has violated TILA because its agreement with Plaintiff included a unilateral right to cancel the sale. Thus, Plaintiff's dispute with Defendant under TILA is a legal dispute—Plaintiff argues that the *existence* of the right to cancel clause itself violates TILA. *Id.*

A seller's unilateral right to cancel a sales contract or a contract conditioned upon seller-located financing, does not, by itself, violate TILA. *See, e.g.*, *Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1068 (11th Cir. 2004). Numerous cases support this proposition because, importantly, a sales contract conditioned upon financing *does not relieve the seller of TILA disclosure obligations. Id.* Thus, a unilateral right to cancel a sale or a sales contract conditioned upon seller-located financing does not, in and of itself, violate TILA *because* TILA applies to the entire transaction from the moment the buyer executes the sales contracts:

> [Plaintiff's] signature on [the sales agreements] rendered him contractually obligated to the purchase of credit and thus constituted consummation for purposes of TILA disclosures. To give full effect to TILA's goal of providing meaningful and timely disclosure of important credit terms, we hold that in a financing agreement containing a condition precedent where the condition of obtaining financing is within the exclusive control of the seller and third-party lender, consummation occurs when the consumer signs the contract.

---

[1] To the extent Plaintiff has attached incomplete agreements to her Complaint, the complete agreements are attached to Defendant's Motion and the Court may consider those agreements because they are central to Plaintiff's claims and because Plaintiff has not disputed the accuracy of those attachments. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

*Id.* Therefore, to the extent Plaintiff's Count I is premised upon the mere existence of the right to cancel in Plaintiff's sales agreements, Plaintiff fails to state a claim.

Defendant's Failure to Disclose Itself as a Creditor. The Court is only able to discern one other ground supporting Plaintiff's TILA claim. Plaintiff contends that Defendant violated TILA because Defendant "claims that it is not a creditor." DE 1 at 10. This contention is grounded in 15 U.S.C. § 1638(a), which requires a party making TILA disclosures to identify itself. As an initial matter, Plaintiff's argument fails because a review of Defendant's TILA disclosures shows that Defendant was well identified to Plaintiff. *See* DE 1-1 at 2-3. When exhibits contradict a plaintiff's general and conclusory allegations (which applies here), the exhibits govern. *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

Furthermore, to the extent Defendant has refused to assume the role of a creditor to Plaintiff in this case, again the Court must examine the exhibits, which govern, in the context of Plaintiff's allegations. Defendant's position "that it is not a creditor" is intertwined with Plaintiff's allegations on page nine of her Complaint: "[Defendant] contacted Plaintiff telling her to sign a second [agreement] or Defendant would repossess the [vehicle]. . . . Plaintiff refused [Defendant's] demands and repeatedly asked where to send her payments." But, pursuant to Plaintiff's own allegations, Defendant merely invoked its contractual right to cancel the sale. Defendant never assumed the role of a creditor—Defendant cancelled the sale and retook possession of its vehicle before Plaintiff made any payments, pursuant to Plaintiff's own allegations. Consistent with the terms of the sales agreements Plaintiff signed and consistent with Plaintiff's allegations, Defendant attempted to *locate* financing—Defendant did not finance

4

any loan itself.[2] Defendant never located financing for Plaintiff. Thus, the Court fails to see how Defendant may be liable for refusing to consider itself Plaintiff's creditor when Defendant exercised its contractual right to cancel the sale, to which Plaintiff agreed. Indeed, if Defendant was obligated to assume the role of a creditor whether it wanted to or not, Defendant's right to cancel would have no meaning. Plaintiff has provided no authority to this Court that Defendant may be found liable under TILA for refusing to finance a loan on a sale that *it cancelled*. As discussed above, Defendant's right to cancel is compatible with TILA. Thus, to the extent Plaintiff's Count I is premised upon the mere fact that Defendant did not assume the role of a creditor after it cancelled the sale of its vehicle to Plaintiff, Plaintiff fails to state a claim.

Plaintiff does not allege that Defendant disclosed improper TILA information. Plaintiff does not allege, for example, that Defendant improperly disclosed the amount to be financed, the principal of Plaintiff's loan, or finance charges. Plaintiff relies solely upon the fact that Defendant had a right to cancel the sale and that Defendant did not assume the role of a creditor. For all of the foregoing reasons, both contentions fail as a matter of law and Plaintiff's Count I is dismissed. Because Plaintiff's dispute with Defendant is legal—not factual—further amendment on this issue would be futile and the Court's dismissal is with prejudice.

**Violation of the Motor Vehicle Information and Cost Savings Act, Count V**

Plaintiff alleges that Defendant violated the Motor Vehicle Information and Cost Savings Act by: failing to show Plaintiff the title of the vehicle she purchased, failing to disclose the mileage of the vehicle Plaintiff purchased, and by making a false statement about the mileage of the vehicle Plaintiff purchased. A fundamental premise in each of Plaintiff's contentions is that

---

[2] Perhaps Defendant would have assumed the role of a creditor if Defendant did not exercise its right to cancel the sales contract after the time period (thirty days) for that right expired, but that is an academic question not before this Court.

Plaintiff purchased a vehicle. Pursuant to Plaintiff's own allegations and the relevant exhibits (which govern when they conflict with Plaintiff's allegations), Plaintiff did not *purchase* a vehicle—she merely took *possession* of a vehicle. Plaintiff's own allegations admit that title was never signed over to Plaintiff. DE 1 at 14. Plaintiff's allegations establish that she never made a monthly payment on the vehicle. *Id.* at 9. Plaintiff's agreements with Defendant gave Defendant the right to repossess *its own vehicle* if it was unable to locate financing for Plaintiff. DE 1-1 at 4. Plaintiff even admits that "[a]n integral part of every motor vehicle sale is the *legal transfer of title* from the dealer to the buyer," an event which Plaintiff alleges never occurred in this case. DE 25 at 2 (emphasis added). Plaintiff's own quotations to the United States Code establish that her Count V requires the transfer of ownership. DE 1 at 13-14. In summary, Plaintiff has provided no authority to this Court that Defendant may be held liable for improperly disclosing mileage on a vehicle Plaintiff did not buy or for failing to provide Plaintiff a title to a vehicle for which Plaintiff did not pay. Plaintiff's Count V is dismissed. Because further amendment on this issue would be futile, the Court's dismissal is with prejudice.

### **Plaintiff's Constitutional Challenge, Count VIII**

Plaintiff's Count VIII contends that two Florida statutes are unconstitutional because they conflict with TILA. Those statutes are section 319.001(9) section 320.60(10). Both statutes permit conditional sales agreements like the agreements in the instant case. Numerous cases have declined to find these Florida statutes are unconstitutional because, as discussed above, TILA is compatible with right-to-cancel clauses like the clauses in the instant case. *See, e.g.*, *Vereen v. Lou Sobj Auto. of Jax, Inc.*, No. 3:10-CV-1174-J-12JBT (M.D. Fla. Feb. 23, 2012). Indeed, Plaintiff's own counsel is recorded as having "acknowledg[ed] that most courts

addressing conditional sale[] practices have found that the failure to obtain financing may permit cancellation of the [sales agreement] and does not violate the TILA or other similar statutes." *Id.* at 19 n.10. This Court sees no reason to depart from the conclusions of "most courts," as acknowledged by Plaintiff's counsel, that Florida law permitting conditional contracts such as the contracts in the instant case is constitutional. Plaintiff's Count VIII is dismissed with prejudice.[3]

As a result of the foregoing,[4] all federal claims in this action have been dismissed. The Court declines to exercise supplemental jurisdiction over all of Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Millette v. DEK Techs., Inc.*, No. 08-60639, 2008 WL 5054741 (S.D. Fla. Nov. 25, 2008). It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [18] is **GRANTED** insofar as Plaintiff's Count I, Count V, and Count VIII are dismissed with prejudice and Plaintiff's remaining counts are dismissed without prejudice due to the Court's lack of subject matter jurisdiction over those claims. The Clerk of the Court is directed to **CLOSE THIS CASE** and deny all pending motions **AS MOOT**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 23rd day of January, 2018.

*[signature: Robin L. Rosenberg]*

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[3] The Court also notes that Plaintiff has failed to comply with Rule 5.1 of the Federal Rules of Civil Procedure, which requires Plaintiff to notify the Florida attorney general of her claim that certain Florida statutes are unconstitutional. Plaintiff has also failed to comply with Local Rule 24.1(b), which requires Plaintiff to comply with the notice provisions of section 86.091 when bringing a constitutional challenge against a Florida state statute.

[4] The Court does not address Defendant's remaining arguments as those arguments are not necessary for the Court's decision.